**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATHRYN SACK                              *
111 David Terrace                         *
Charlottesville, VA  22903,               *
                                          *
          Plaintiff,                      *
                                          *
          v.                              *          Civil Action No. 1:12-cv-01755 (RLW)
                                          *
DEPARTMENT OF JUSTICE                     *
950 Pennsylvania Avenue, NW               *
Washington, DC  20530,                    *
                                          *
          Defendant.                      *
                                          *
*     *     *     *     *     *     *     *     *     *     *     *     *

         Plaintiff Kathryn Sack brings this action against Defendant Department of Justice

pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

         1.       This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

         2.       Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

         3.       Plaintiff Kathryn Sack ("Sack") is a U.S. citizen and is a resident of the

Commonwealth of Virginia.

         4.       Sack is a Ph.D. student at the University of Virginia working on her dissertation

on polygraph bias.  The Director of Graduate Studies for the Department of Politics has

authorized her to file FOIA requests as a representative of that institution.  She is therefore considered a representative of an educational or noncommercial scientific institution whose purpose is scholarly or scientific research within the meaning of 5 U.S.C. § 552(a)(4)(A).

5.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

6.      The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), Federal Bureau of Investigation ("FBI"), and Justice Management Division ("JMD") are DOJ components.

## FIRST CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1143121-000)

7.      Sack repeats and realleges the allegations contained in all paragraphs set forth above.

8.      On 15 December 2009 Sack submitted to FBI a FOIA request for records about polygraphers and polygraph examinations.

9.      On 7 January 2010 FBI requested a more detailed request from Sack, which she submitted on 21 January 2010.

10.     On 16 February 2010 FBI acknowledged receipt of this request and assigned it Request No. 1143121-000.  FBI stated that it was unable to locate any responsive records.

11.     On 26 May 2010 Sack appealed the adequacy of FBI's search.

12.     On 8 October 2010 the Department of Justice Office of Information Policy ("OIP") denied this appeal.

13.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## SECOND CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1169511-000, 1169511-001)

14.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

15.     On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

16.     On 14 July 2011 FBI acknowledged receipt of the first of these requests and assigned it Request No. 1169511-000.

17.     On 12 September 2011 and 23 September 2011 FBI released records to Sack.

18.     On 11 October 2011 Sack appealed the adequacy of FBI's search.  On 21 December 2011 Sack submitted additional information regarding her appeal to OIP.

19.     On 21 February 2012 OIP denied this appeal.

20.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## THIRD CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1143121-001)

21.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

22.     On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

23.     On 20 July 2011 FBI acknowledged receipt of the second of these requests and assigned it Request No. 1143121-001.  FBI stated that it was unable to locate any responsive records.

24.     On 16 August 2011 Sack appealed the adequacy of FBI's search.

25.     On 27 September 2011 OIP denied this appeal.

26.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## FOURTH CAUSE OF ACTION

### (FBI – RECORDS DENIAL – 1169525-000, 1169525-002)

27.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

28.     On 5 July 2011 Sack submitted to FBI three FOIA requests for records about polygraphers and polygraph examinations.

29.     On 14 July 2011 FBI acknowledged receipt of the third of these requests and assigned it Request No. 1169525-000.

30.     On 31 October 2011 FBI released redacted records to Sack.

31.     On 2 December 2011 Sack appealed the adequacy of FBI's search and all Exemption (b)(7)(E) withholdings.

32.     On 6 April 2012 Sack filed a complaint in the U.S. District Court for the District of Columbia regarding this request in the case *Sack v. CIA*, No. 12-537 (RLW).

33.     On 25 April 2012 OIP remanded the request to FBI to perform an additional search.  OIP otherwise denied this appeal.

34.     On 1 May 2012 FBI acknowledged the remanded request and assigned it Request No. 1169525-002.

35.     On 1 June 2012 FBI informed Sack that it was unable to locate any responsive records because EEO records "are not indexed according to the subject and . . . records would have to be created in order to provide a response to this request, making it beyond the purview of the FOIA."  FBI advised Sack that she could file an administrative appeal with OIP of this determination.

36.     Sack did not file an appeal with OIP because this request was already in litigation, and OIP will not process an appeal of a request in litigation pursuant to 28 C.F.R. § 16.9(a)(3).

37.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## FIFTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1180021-000, 1180021-001)

38.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

39.     On 21 December 2011 Sack submitted to FBI a FOIA request for, *inter alia*, the FBI Polygraph Unit's *Policy Implementation Guide* and certain records from the Office of Equal Employment Opportunity Affairs pertaining to allegations of discrimination in polygraph examinations or background investigations.

40.     On 5 January 2012 FBI acknowledged receipt of this request, which it divided into Request Nos. 1180020-000 (which is not part of this litigation), 1180021-000, and 1180022-000.

41.     On 6 April 2012 Sack filed a complaint in the U.S. District Court for the District of Columbia regarding this request in the case *Sack v. CIA*, No. 12-537 (RLW).

5

42.     On 1 June 2012 FBI informed Sack that it was unable to locate any responsive records because EEO records "are not indexed according to the subject and . . . records would have to be created in order to provide a response to this request, making it beyond the purview of the FOIA."  FBI advised Sack that she could file an administrative appeal with OIP of this determination.

43.     Sack did not file an appeal with OIP because this request was already in litigation, and OIP will not process an appeal of a request in litigation pursuant to 28 C.F.R. § 16.9(a)(3).

44.     On 19 October 2012 FBI informed Sack, "Upon further inspection and in response to your litigation, FBI Records Management Division (RMD) has determined that potentially responsive documents exist," and assigned the new Request No. 1180021-001.

45.     As twenty working days have elapsed without a substantive determination by FBI, Sack has exhausted all required administrative remedies.

46.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by FBI of said right.

## SIXTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1180022-000, 1180022-001)

47.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

48.     On 6 April 2012 Sack filed a complaint in the U.S. District Court for the District of Columbia regarding Request No. 1180022-000 in the case *Sack v. CIA*, No. 12-537 (RLW).

49.     On 17 April 2012 FBI released forty previously processed pages to Sack in response to Request No. 1180022-000.  On 25 April 2012 FBI informed Sack that it had withheld

forty-eight pages from that release.  FBI advised Sack that she could file an administrative appeal with OIP of this determination.

50.     On 3 May 2012 FBI informed Sack that it was performing another search and assigned it Request No. 1180022-001.

51.     On 30 May 2012 FBI informed Sack that it had located thirty-eight additional pages and were withholding them.  FBI advised Sack that she could file an administrative appeal with OIP of this determination.

52.     Sack did not file any appeal with OIP because this request was already in litigation, and OIP will not process an appeal of a request in litigation pursuant to 28 C.F.R. § 16.9(a)(3).

53.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by FBI of said right.

## SEVENTH CAUSE OF ACTION

## (ATF/JMD – RECORDS DENIAL – 12-214, 2570081)

54.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

55.     On 14 October 2011 Sack submitted to the Office of Personnel Management Federal Investigative Services Division ("FIS") a FOIA request for records pertaining to periodic reviews of federal agencies' polygraph programs.

56.     On 16 November 2011 FIS acknowledged receipt of this request and assigned it Request No. 2012-00881.  FIS released some records and informed Sack that some information had been referred to ATF and DOJ for direct response to Sack.

57.     On 14 December 2011 ATF acknowledged receipt of the referred FIS request and assigned it Request No. 12-214.  ATF released redacted records to Sack.  On 21 December 2011 Sack appealed this determination.  On 11 September 2012 OIP informed Sack that it was closing the appeal because the request was already in litigation, and OIP will not process an appeal of a request in litigation pursuant to 28 C.F.R. § 16.9(a)(3).

58.     On 16 December 2011 DOJ acknowledged receipt of the referred FIS request and informed Sack that it was being internally referred to JMD.  On 22 October 2012 JMD acknowledged receipt of the referred request and assigned it Request No. 2570081.

59.     As twenty working days have elapsed without a substantive determination by JMD, Sack has exhausted all required administrative remedies.

60.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ.

## EIGHTH CAUSE OF ACTION

### (FBI – RECORDS DENIAL – 1169499-000)

61.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

62.     On 5 July 2011 Sack submitted to FBI a FOIA request for all correspondence between FBI employees or contractors and Sheila Reed, a well-known polygraph researcher, since 2002.

63.     On 14 July 2011 FBI acknowledged receipt of this request and assigned it Request No. 1169499-000.  FBI refused to process the request, stating, "Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest

8

in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records."

64.     On 15 August 2011 Sack appealed this determination, explaining that the request was for correspondence *with* Dr. Reed, not records *about* her, as well as explaining the public interest that would be served by the release of responsive records.

65.     On 15 February 2012 OIP denied this appeal.  OIP stated that FBI performed a search after Sack filed the appeal and located no responsive records, further stating that it found that FBI's search was adequate.

66.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DOJ of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathryn Sack prays that this Court:

(1)     Order the Department of Justice to provide all responsive records to Sack as soon as practicable;

(2)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 552a(g)(2)(A), 28 U.S.C. § 2412(d), or any other applicable law;

(4)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)     Grant such other relief as the Court may deem just and proper.

Date:   October 30, 2012

Respectfully submitted,

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*