**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KATHRYN SACK,                                  )<br>                                                          )<br>        Plaintiff,                                  )<br>                                                          )<br>    v.                                                )<br>                                                          )<br>DEPARTMENT OF JUSTICE,                )<br>                                                          )<br>        Defendant.                               )<br>                                                          ) | Civil Action No. 12-1755 (CRC) |

**DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Kathryn Sack, brought this action against Defendant, the Department of Justice ("DOJ"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the responses by the Federal Bureau of Investigation ("FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") to several FOIA requests made by Plaintiff. By Order dated April 23, 2015, the Court granted summary judgment to ATF on the remaining matters at issue following the Court's order dated August 21, 2014.  With respect to the FBI, the Court concluded that the FBI should have searched "Department of Defense Polygraph Institute" and "DoDPI" when it conducted the supplemental searches ordered by the Court on August 21, 2014, and deferred issuing a final ruling on the FBI's pending motion for summary judgment, as supplemented, until the FBI did so.  (ECF No. 43).

As set forth in the Fourth Hardy Declaration, the FBI has conducted the search directed by the Court in the April 23, 2015 order and, as a result of that search, the FBI has identified less than a handful of documents.  Although the FBI does not believe that these documents are actually responsive to Plaintiff's request because they pertain to FBI polygraph program matters,

and are not research and records pertaining to the DoDPI as requested in the FOIA request, the FBI nevertheless has processed these records and released non-exempt information to the Plaintiff in an effort to resolve this matter. (Fourth Hardy Decl. ¶ 6)[1]

The only withholdings on those records are under Exemption 6 and pertain to names and/or identifying information of FBI Special Agents ("SAs") and support personnel. (Fourth Hardy Decl. ¶ 8). The FBI properly withheld that information. Because similar information was withheld in prior releases by the FBI in this matter and the FBI's first supplemental submission discusses in detail the application of Exemption 6 to such information, the FBI refers the Court to its supplemental memorandum (ECF No. 38 at 11-13) for a more complete discussion of this issue. It suffices for this memorandum to note that, as set forth in the accompanying declaration, the FBI performed a balancing test to ensure that the public interest did not outweigh the privacy interest of the individuals involved. (Fourth Hardy Decl. ¶¶ 10-12). *See, e.g., Horowitz v. Peace Corps.,* 428 F. 3d 271, 277-280 (D.C. Cir. 2005) (upholding withholding of victim's identity under Exemption 6); *Miller v. United States Dep't of Justice,* 562 F. Supp. 2d 82, 116, 118-121 (D.D.C. 2008) (upholding withholdings based on Exemption 6, in conjunction with Exemption 7(C), with respect to federal, state and local law enforcement personnel, third parties of investigative interest, third parties who were interviewed during the course of the investigation, and third parties merely mentioned). In connection with that balancing test, the FBI determined that there is no public interest in the disclosure because this

---

[1] As described in the Fourth Hardy Declaration, a final document located by the FBI consists of the FBI's responses to questions posed by Senator Specter following testimony at a Judiciary Committee hearing. The FBI processed and released only the pertinent answers referencing DoDPI and the corresponding questions, as well as a cover letter accompanying the FBI's responses. (Fourth Hardy Decl. ¶ 14) The other questions and answers were not responsive to the FOIA request and did not contain any of the search terms related to plaintiff's request. (*Id.* ¶ 15) Accordingly, those portions of the document were deemed outside the scope of plaintiff's request and were not processed or released. (*Id.*)

personal information did not shed light on the FBI's performance of its law enforcement mission. (Second Hardy Decl. ¶¶ 23, 24, 26).

The law is well settled, moreover, that all of these individuals, ranging from Special Agents and support staff, to third parties and other government employees, have substantial, protectable privacy interests in their anonymity. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); *Computer Professionals for Social Responsibility*, 72 F.3d at 904; *see also Thomas v. DOJ*, 531 F. Supp. 2d 102, 110 (D.D.C. 2008) (collecting cases); *Am. Fed'n of Gov't Employees, Local 812 v. Broadcasting Bd. of Governors*, 711 F. Supp. 2d 139, 156 (D.D.C. 2010) (upholding redaction of names and other information relating to another individual pursuant to Exemption 6); *Govt. Accountability Project*, 699 F. Supp. 2d at 105-06 (concluding that agency properly redacted personal email addresses of applicants for board positions because "releasing their email addresses serves no public interest because these email addresses would not reveal 'what the government is up to'").  Indeed, courts have held that "[w]hile there may be some public interest in obtaining the identifying information of the Federal employees at issue, disclosure would not shed any light on the workings of [an agency]." *Canaday v. U.S. Citizenship & Immigration Servs.*, 545 F. Supp. 2d 113, 118 (D.D.C. 2008).

Because there is no countervailing public interest that can overcome the privacy interest of government employees, the FBI properly redacted their identifying information pursuant to Exemption 6.  *See Beck v. Dep't of Justice,* 997 F.3d 1489, 1494 (D.C. Cir. 1993) (finding that when there is no public interest at all, the court "'need not linger over the balance; something outweighs nothing every time'") (quoting *Nat'l Ass'n of Retired. Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989)).

## CONCLUSION

For the reasons set forth above, and set forth in Defendant's motion for summary judgment, as supplemented, Defendant respectfully requests that this Court grant summary judgment in favor of FBI as to the outstanding issues identified in the Court's August 21, 2014 and April 23, 2015 memorandum decision and orders and dismiss the Complaint with prejudice.

Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. Bar # 471489
Acting United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/
JEREMY S. SIMON
DC BAR # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov