IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KATHRYN SACK,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:12-cv-01755<br>)<br>)<br>)<br>)<br>) |

## FOURTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)  I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)  In my official capacity as Section Chief of RIDS, I supervise approximately 224 employees who staff a total of ten (10) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007 and the

OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to request for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA requests in the above-captioned lawsuit.

(4) The FBI submits its fourth declaration in response to Court's April 23, 2015 Order. This declaration supplements and incorporates by reference the information previously provided in my three prior declarations. *See* ECF No. 19, Declaration of David Hardy ("First Hardy Declaration") (May 22, 2013); ECF No. 38, Second Declaration of David M. Hardy (November 14, 2014); and ECF No. 42, Third Declaration of David M. Hardy (January 22, 2015).

(5) The background of this matter is set forth in my prior declarations and will not be fully recounted. Only information directly relevant to this declaration has been repeated here. Plaintiff is a PhD student conducting research on polygraph bias. *See* ECF No. 1, Complaint, at ¶ 4. She submitted a series of FOIA requests related to her research on polygraph bias to the FBI. *Id.* at ¶¶ 7-53 and 61-66. Through one of the FOIA requests at issue in this litigation, she specifically sought all "research and records pertaining to the Department of Defense Polygraph Institute ('DoDPI') or the Defense Academy of Credibility Assessment ('DACA')." *See* ECF No. 19, First Hardy Declaration, Exhibit S. On August 21, 2014, this Court denied the

defendant's motion for summary judgment as to Count 3 of plaintiff's Complaint and "require[d] the government to submit further affidavits or conduct additional searches to respond to Sack's request for records pertaining to DACA/NCCA." ECF No. 29, Memorandum Opinion, at p. 8. The FBI thereafter conducted additional searches of the terms "Defense Academy for Credibility Assessment," "DACA," "National Center for Credibility Assessment," and "NCCA," in compliance with the Court's August 21st order. The FBI then submitted a *Vaughn* declaration (Third Hardy Declaration) explaining those searches, noting that the records it located did not appear to be responsive to plaintiff's request (because they pertained to the FBI's polygraph program, *inter alia*, and not to DACA or NCCA), and providing justifications for the FBI's withholdings certain information pursuant to FOIA exemptions in those records. *See* ECF No. 42, Third Hardy Declaration. In an Order dated April 23, 2015, the Court concluded that the FBI should also have searched "Department of Defense Polygraph Institute" and "DoDPI" when it conducted the supplemental searches ordered by the Court on August 21st and ordered it to do so. *See* ECF No. 43.

## DEPARTMENT OF DEFENSE/DoDPI SEARCHES

(6) The FBI conducted additional index and text searches of its Central Records System ("CRS") and a text search of the FBI Intranet for the terms "Department of Defense Polygraph Institute" and "DoDPI." As a result of these searches, the FBI located two records (or "serials") pertaining to FBI's polygraph program that merely mention DoDPI and a document with responses to questions posed to the FBI by Senator Specter following Director Mueller's May 2, 2006 testimony at a Judiciary Committee hearing on "Oversight of the Federal Bureau of Investigation." One part of the response to Senator Specter explains that the FBI does not conduct or specifically commission polygraph research and mentions that DoDPI is the federal

3

agency charged with conducting such research, and another part addresses steps being taken by the FBI to identify "more reliable alternatives" to polygraphs for employment screening purposes. Although the FBI does not believe that these documents are actually responsive to plaintiff's request because they pertain to FBI polygraph program matters, and are not research and records pertaining to the DoDPI, the FBI nevertheless processed these records and released non-exempt information to the plaintiff in an effort to finally resolve this matter.

## DESCRIPTION OF THE DOCUMENTS LOCATED AND REVIEWED

### FBIHQ and Omaha Field Office ("OM") Administrative Control Files

(7) The two serials located in the FBI's searches that contained the words "Department of Defense Polygraph Institute" and/or "DoDPI" were located (1) in an FBIHQ administrative control file and (2) in an Omaha Field Office ("OM") administrative control file. The terms "Department of Defense Polygraph Institute" and "DoDPI" were not indexed in either serial.[1] The FBIHQ serial (totaling less than two pages) concerns a change in the FBI's polygraph certification program to address the growth in the FBI's polygraph program following 9/11. The OM serial (totaling less than two pages) summarizes an FBI field polygraph examiner in-service training.

(8) The only information withheld from these serials consists of names and/or identifying information of FBI Special Agents ("SAs") and support personnel. This information was withheld pursuant to FOIA Exemption 6 after the FBI concluded that these employees, as individuals, have privacy interests in personal information about them found in FBI records and that those interests were not outweighed by any public interest.

---

[1] The FBI does not index all information, terms, or names in records. Rather, only information considered to be pertinent, relevant, or essential for future retrieval in order to conduct FBI business is indexed.

(9) FOIA Exemption 6 exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that applies to a particular person falls within the scope of Exemption 6.

(10) In asserting Exemption 6 here, each piece of information was scrutinized to determine the nature and strength of the privacy interest of any individual whose information appeared in this record. The FBI then considered whether there was any public interest to be served by disclosing this information. For purposes of this analysis, a public interest exists if the information would shed light on the FBI's performance of its statutory duties. Personal information is withheld when the individual's privacy interest outweighs any public interest, or when no public interest exists at all. In each instance where the FBI withheld information pursuant to Exemption 6 in this case, it was determined that the individual's privacy rights outweighed any public interest in disclosure.

(11) FBI SAs conduct official inquiries into violations of various criminal statutes and national security cases. They come into contact with all strata of society, conducting searches and making arrests, both of which result in reasonable but nonetheless serious disturbances to people and their lives. It is possible for an individual targeted by such law enforcement actions to carry a grudge which may last for years, and to seek revenge on the agents involved in a particular investigation. Release of an agent's identity could trigger hostility toward a particular agent. Conversely, the identities of particular SAs here would not shed light on the FBI's performance of its law enforcement duties, and so there is no public interest to be served by disclosing their identities to the public. Thus, disclosure of this information would constitute a clearly unwarranted of personal privacy.

(12)     The names of FBI support personnel are also withheld pursuant to Exemption 6. These employees were assigned to handle tasks related to official agency business in files responsive to plaintiff's requests. They were, and possibly are, in a position to access non-public information about FBI activities, and therefore could become targets of harassing inquiries for unauthorized access to this information if their identities were released. Thus, these individuals maintain substantial privacy interests in not having their identities disclosed. In contrast, disclosure of these employees' identities would not shed light on the activities of the FBI sufficient to overcome their substantial privacy interests. Accordingly, after completing its balancing analysis, the FBI concluded that disclosure of this information would constitute a clearly unwarranted invasion of their personal privacy.

(13)     For these reasons, the FBI properly protected personally-identifying information about its employees pursuant to FOIA Exemption 6 on Sack-445, 446, and 450.

<u>Judiciary Committee Hearing Responses</u>

(14)     The final document located by the FBI consists of the FBI's responses to questions posed by Senator Specter following Director Mueller's May 2, 2006 testimony at a Judiciary Committee hearing on "Oversight of the Federal Bureau of Investigation." Two of the responses merely referenced DoDPI and have been released in full. The FBI processed and released only the pertinent answers referencing DoDPI and the corresponding questions, on three pages numbered Sack-447 – 449. The FBI also produced a copy of the cover letter accompanying the FBI's responses to Senator Specter (for contextual purposes), on one page numbered Sack-444.

(15)     The question-and-answer document covers a wide range of other issues and matters, including some internal personnel-related matters, which were unrelated to

DoDPI/DACA/NCCA. Those other questions and responses, which were not responsive to and did not even contain any of the search terms related to plaintiff's request (*i.e.*, Department of Defense Polygraph Institute, DoDPI, Defense Academy of Credibility Assessment, DACA, National Center for Credibility Assessment, and NCCA) were deemed outside the scope of plaintiff's request and were not processed or released.

## CONCLUSION

(16) The FBI has conducted the additional searches as ordered by the Court on April 23, 2015, and in an abundance of caution has released eight additional pages of information to the plaintiff even though the pages pertain to FBI polygraph program issues, and are not research or records pertaining to the DoDPI. A line-by-line review was conducted of each document, all non-exempt and segregable information has been released, and only minimal identifying information about FBI employees has been redacted pursuant to FOIA Exemption 6.

(17) Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of June, 2015.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia